IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

RACHEL GRIFFITH,               )
                               )
                    Plaintiff, )        FILED: MAY 22, 2008
          v.                   )   No.  08CV3003        TG
                               )        JUDGE HIBBLER
MARQUETTE MANOR BAPTIST CHURCH, )        MAGISTRATE JUDGE KEYS
AN ILLINOIS NOT-FOR-PROFIT     )
CORPORATION and EDWARD D. GREENE, )
                               )
                    Defendants. )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1446, please take notice that the Defendant,

MARQUETTE MANOR BAPTIST CHURCH, by and through its attorneys, MULHERIN,

REHFELDT & VARCHETTO, P.C., has removed this case from the Circuit Court of

Cook County (Cook County case No. 2008 L 4417), in which it is currently pending, to

the United States District Court for the Northern District of Illinois, Eastern Division.  In

support of this removal, the Defendant, MARQUETTE MANOR BAPTIST CHURCH,

states as follows:

1.    This action is removable pursuant to 28 U.S.C. §1332 and §1441,

governing removal for diversity of citizenship-based cases.  The Plaintiff, Rachel Griffith,

is a citizen of South Carolina.  The Defendant, MARQUETTE MANOR BAPTIST

CHURCH, is incorporated in Illinois, with its corporate headquarters and "principal place

of business" in Downers Grove, Illinois.  The Defendant, Edward D. Greene, is currently

incarcerated at Taylorville Correctional Center in Taylorville, Illinois.  Thus, diversity of

citizenship is found pursuant to 28 U.S.C. §1332(a)(1).

2.      On or about April 23, 2008, Plaintiff, Rachel Griffith, commenced this action by filing a Complaint against Defendant, MARQUETTE MANOR BAPTIST CHURCH, in the Circuit Court of Cook County, Illinois, case number 2008 L 4417.

3.      The Plaintiff's claim arises from alleged sexual abuse which is alleged to have occurred from 1994 through 1999, in various locations, including the church premises in Downers Grove, Illinois, at Defendant, Edward D. Greene's, home in Woodridge, Illinois, and while on church outings in Cook County, Illinois, Mexico, Canada, New York, South Carolina, and other locations.

4.      On or about April 28, 2008, the Defendant, MARQUETTE MANOR BAPTIST CHURCH, was served with a Summons and Plaintiff's Complaint.  (See Summons and Plaintiff's Complaint, attached hereto as a part of Group Exhibit "A").

5.      This Notice of Removal is being filed within thirty days of service of Plaintiff's initial pleading on Defendant, and is, therefore, timely and proper pursuant to the provisions of 28 U.S.C. §1446(b).

6.      Pursuant to 28 U.S.C. §1446(a), the Defendant, MARQUETTE MANOR BAPTIST CHURCH, attaches as Group Exhibit "A", a copy of all process and pleadings related to this action that has been served upon it to date.

7.      The Plaintiff, Rachel Griffith, has filed her lawsuit in the Circuit Court of Cook County, alleging damages in excess of $50,000.00.  (See Plaintiffs' Complaint attached hereto as a part of Group Exhibit "A").  Based upon the amount enumerated in Plaintiff's Complaint and the Plaintiff's allegations, it is anticipated that the Plaintiff evaluates her claim in excess of $75,000.00 and would likewise seek a verdict in this case in excess of $75,000.00.  Thus, pursuant to Title 28, U.S.C. §1332(a), the District Court shall have original jurisdiction of all civil actions wherein the matter in controversy

exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

8.    Written notification of the filing of this Notice of Removal, together with a copy of this Notice of Removal, has been provided to the Plaintiff, Rachel Griffith, through her counsel, KERNS, FROST & PEARLMAN, LLC, and JEFF ANDERSON AND ASSOCIATES, P.A., and will be filed with the Circuit Court of Cook County, Illinois, pursuant to 28 U.S.C. §1446(d).

9.    No prohibition exists that would prevent removal of this action.

WHEREFORE, the Defendant, MARQUETTE MANOR BAPTIST CHURCH, requests that this matter be removed from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, and that there be no further proceeding in Cook County, Illinois Case No. 2008 L 4417, previously filed in the Circuit Court of Cook County, Illinois.

Respectfully submitted:


_s/ Joseph G. Skryd_____
Joseph G. Skryd, One of the Attorneys
for Defendants, MARQUETTE MANOR BAPTIST
CHURCH


Joseph G. Skryd
**MULHERIN, REHFELDT & VARCHETTO, P.C.**
211 South Wheaton Avenue, Suite 200
Wheaton, Illinois 60187
(630) 653-9300

## CERTIFICATE OF SERVICE

      I hereby certify that on May 22, 2008, I electronically filed the foregoing Notice of Removal with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Marc J. Pearlman
Michael L. Brooks
David A. Argay
KERNS, FROST & PEARLMAN, LLC
70 W. Madison Street
Suite 5350
Chicago, Illinois

Jeffrey R. Anderson
JEFF ANDERSON AND ASSOCIATES, P.A.
E-1000 First National Bank Building
332 Minnesota Street
St. Paul, Minnesota 55101


                              s/ Joseph G. Skryd_____

| | |
|---|---|
| 2120 – Served | 2121 – Served |
| 2220 – Not Served | 2221 – Not Served |
| 2320 – Served By Mail | 2321 – Served by Mail |
| 2420 – Served By Publication | 2421 – Served By Publication |
| SUMMONS | ALIAS – SUMMONS |

(Rev. 12/3/01) CCG 0001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION
### SUMMONS

RACHEL GRIFFITH                )
                               )
          Plaintiff,           )
                               )          Case No.
     v.                        )
                               )          Please serve the following:
MARQUETTE MANOR BAPTIST CHURCH, )
AN ILLINOIS NOT-FOR-PROFIT     )          Marquette Manor Baptist Church
CORPORATION and EDWARD D. GREENE )        c/o Daniel L. Egerdahl
                               )          333 75th Street
          Defendants.          )          Downers Grove, Illinois 60516
                               )

08CV3003                TG

JUDGE HIBBLER

MAGISTRATE JUDGE KEYS

### SUMMONS

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office if the clerk of this court (located in the Richard J. Daley Center, Room 801, Chicago, Illinois, 60602), within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Atty. No.:     43936                          WITNESS,                    APR 2 3 2008

Name: Kerns, Frost & Pearlman LLC / Michael L. Brooks

Atty. for:     Plaintiff

Address:     70 W. Madison, Ste. 5350                              Clerk of Court

City/State/Zip:     Chicago, IL 60602

Telephone:     (312) 261-4550                 Date of service:
                                              (To be inserted by officer on copy left with defendant
                                                     or other person)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

{00045849.DOC}



**EXHIBIT**

A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT – LAW DIVISION

Rachel Griffith,                                    )
                                                    )
      Plaintiff,                              )
                                                    )
      vs.                                     )          Case No.:
                                                    )
Marquette Manor Baptist Church, an Illinois not-    )          **Trial By Jury Demanded**
for-profit Corporation and Edward D. Greene,        )
                                                    )
      Defendants.                             )

## COMPLAINT AT LAW

NOW COMES the Plaintiff, RACHEL GRIFFITH by and through her attorneys, KERNS, FROST & PEARLMAN L.L.C. and JEFF ANDERSON & ASSOCIATES, P.A. and for her causes of action against Defendant, states as follows:

### PARTIES

1.     Plaintiff is currently a resident of South Carolina. Plaintiff was a resident of Illinois at the time of the abuse described herein.

2.     At all times material, Defendant Marquette Manor Baptist Church ("Marquette Manor") was and is an Illinois not-for-profit corporation located in Illinois.

3.     Defendant Edward David Greene ("Greene") is a resident of North Carolina. At the time of the sexual abuse described herein, Greene was an Illinois resident and a youth pastor and/or a teacher for Marquette Manor and an employee or agent of Marquette Manor. In March 2006, Greene was indicted on two charges of criminal sexual assault for his sexual abuse of Plaintiff. On March 27, 2008, Greene pled guilty to these charges and was sentenced to four years in prison.

05/01/2008 10:20 FAX 515 473 3006          CONTINENTAL WESTERN GRP                    ☒005

04/29/2008 Case 3:08-cv-03003   Document 1-2   Filed 05/22/2008   Page 3 of 8   ☒004/012

4.    At all times material, Marquette Manor held out Greene to be a youth minister, spiritual leader, counselor, and teacher of religious principals, morals, and values.  Greene's employment duties with Marquette Manor included providing teaching, counseling, guidance and leadership to children whose families worshipped at Marquette Manor.  Greene was an adult and designated authority figure at the time of the sexual abuse alleged herein.

## FACTS

5.    At all times material, Plaintiff and her family worshipped at, and were members of, Marquette Manor.  At all times material, Marquette Manor selected and assigned youth ministers and counselors, bible class teachers and other employees and agents to various projects and activities.  At all relevant times, Marquette Manor supervised its employees and agents' activities and assumed responsibility for the well-being of minors, including Plaintiff, participating in the various activities of the church.

6.    Plaintiff first met Greene in 1993, when he was serving as youth minister at Marquette Manor.  Using his position of trust, Greene befriended Plaintiff and gained her confidence.  As a result of his position of leadership, Plaintiff developed great admiration, trust, reverence, respect for, and obedience to Greene.

7.    Starting in or about October 1994, while Plaintiff was fourteen years old and entrusted to Marquette Manor's care, custody and control, Greene began to sexually molest Plaintiff. Green's sexual abuse included fondling, digital penetration and other sexual acts.  Greene sexually molested Plaintiff over fifty times between October 1994 and when the abuse ended in 1999.

{00045130.DOC}

2

8.    Greene abuse of Plaintiff occurred in various locations, including the church premises in Downers Grove, at Greene's home in Woodridge, Illinois, and while on church outings in Cook County, Illinois, Mexico, Canada, New York, South Carolina, and other locations

9.    Greene would not have been able to sexually abuse Plaintiff if he were not put in a position of power and authority over youth, including Plaintiff, by defendant Marquette Manor.

10.    Upon information and belief, both before and after Plaintiff was first sexually abused by Greene, Marquette Manor knew, or should have known, of material facts regarding Greene's pedophile and exploitative impulses and behavior, but failed to act on that knowledge thereby increasing the likelihood that Plaintiff would be harmed.

11.    Marquette Manor, by and through its agents, including Greene, held themselves out to members, including Plaintiff, as counselors and instructors on matters that were spiritual, moral and ethical. Accordingly, Plaintiff placed trust in Greene so that Greene gained superiority and influence over Plaintiff. Marquette Manor, through Greene, maintained and encouraged such a relationship with Plaintiff, and entered into a fiduciary relationship with Plaintiff.

12.    This fiduciary relationship with Plaintiff established a duty of good faith, fair dealing and the duty to act with the highest degree of trust and confidence. This fiduciary relationship includes the duty to warn, the duty to disclose, and the duty to protect children and vulnerable young adults from sexual abuse and exploitation by Marquette Manor's agents. Marquette Manor's fiduciary relationship with Plaintiff was based upon a justifiable trust on Plaintiff's side, and superiority and influence on their side.

13.    Further, leaders of Marquette Manor were in specialized or superior positions to receive and did receive specific information regarding misconduct by agents and employees that was

{00043130.DOC}

3

of critical importance to the well-being, protection, care and treatment of innocent victims, including Plaintiff. This knowledge was not otherwise readily available. Marquette Manor exercised its special or superior position to assume control of said knowledge and any response thereto.

14.     Plaintiff, on the other hand, was in a subordinate position of weakness, vulnerability, and inequality and was lacking in such knowledge. Further, the ability of Plaintiff to monitor the use or misuse of Greene's power and authority was compromised, inhibited or restricted by Marquette Manor.

15.     Defendant had a secular standard of fiduciary duty which it breached by failing to act upon, or insufficiently acting upon or responding to, information which it had obtained by virtue of its superior status, known only or secretly to it, that was indicative or highly suggestive of a pattern of wrongful, unlawful or criminal behavior on Greene's part.

16.     Despite having actual or constructive knowledge of Greene's pedophile and exploitative propensities and previous instances of molestation of other children and young adults, Marquette Manor and others concealed the danger which he and other offending agents presented by misrepresenting them as agents in good standing, thus enabling those offending agents to retain their continued, unrestricted access to minor children and vulnerable young adults in Illinois.

17.     As a direct result of the sexual abuse and wrongful conduct described herein, Plaintiff has suffered, and continues to suffer, severe and permanent emotional distress, resulting in physical manifestations, embarrassment, loss of self-esteem, humiliation and psychological injuries. Plaintiff was prevented and will continue to be prevented from performing his normal daily activities and obtaining the full enjoyment of life, and has incurred and will continue to incur expenses for medical

{00045130.DOC}

4

and psychological treatment, therapy and counseling, and will incur loss of income and/or loss of earning capacity.

18.     The sexual abuse of the Plaintiff, and the circumstances under which the abuse occurred, caused Plaintiff to develop various psychological coping mechanisms and symptoms of psychological distress, including depression, repression and dissociation. As a result, Plaintiff was under a disability and has only recently been able to link his severe psychological and emotional problems with the acts perpetrated by Greene.

## COUNT I: NEGLIGENCE – (MARQUETTE MANOR)

Plaintiff Rachel Griffith incorporates paragraphs 1 through 18 of this complaint as if fully set forth under this count and further alleges that:

19.     Marquette Manor by accepting minor students/members and holding its meetings and outings out as places of safety, guidance, healing, refuge and support and by holding Greene out as a fit agent, agreed to and did undertake to provide for the supervision, care and physical safety of Plaintiff. As such Marquette Manor owed Plaintiff a duty to provide for the supervision, care, and physical safety of Plaintiff in a reasonable manner.

20.     Marquette Manor, by and through its agents, servants and employees, knew or should reasonably have known of Greene's dangerous and exploitative propensities as a child sexual abuser and/or an unfit agent. Despite such knowledge, Marquette Manor negligently retained and/or failed to supervise Greene in his position of trust and authority as a youth leader, where he was able to commit the wrongful acts against Plaintiff.

21.     Marquette Manor failed to provide adequate warning to Plaintiff and her family of Greene's dangerous and exploitive propensities.

{00045130.DOC}

5

22.     Marquette Manor breached its duty of care by exposing Plaintiff to unsupervised contact with Greene, wherein he was able to sexually abuse Plaintiff.

23.     As a direct result of this negligent conduct, Plaintiff has sustained and continues to sustain the injuries and damages alleged herein.

WHEREFORE, Plaintiff demands a jury trial and judgment in an amount in excess of $50,000, plus costs, disbursements, reasonable attorney's fees, interest and such other relief as the court deems just and equitable.

## COUNT II: BATTERY / CHILD SEXUAL ABUSE – (GREENE)

Plaintiff Rachel Griffith incorporates paragraphs 1 through 18 of this complaint as if fully set forth under this count and further alleges that:

24.     Between approximately October 1994 and 1999, including over 3 years when Plaintiff was a minor child, Greene repeatedly engaged in un-permitted, harmful and offensive sexual contact upon Plaintiff on the premises of Marquette Manor and elsewhere. .

25.     As a direct result of this sexual abuse, Plaintiff has suffered the injuries and damages described herein.

WHEREFORE, Plaintiff demands judgment against Defendant Greene in an amount in excess of $50,000, plus costs, disbursements, reasonable attorney's fees, interest and such other relief as the court deems just and equitable.

## COUNT III: BREACH OF FIDUCIARY DUTY – (MARQUETTE MANOR)

Plaintiff Rachel Griffith incorporates paragraphs 1 through 18 of this complaint as if fully set forth under this count and further alleges that:

(00045130.DOC)

6

Case 1:08-cv-03003   Document 1-2   Filed 05/22/2008   Page 8 of 8

26.     By holding Marquette Manor out as a safe and secure environment, by undertaking the religious and educational instruction and spiritual and emotional counseling of Plaintiff, and as described elsewhere in this complaint, Defendant Marquette Manor entered into a fiduciary relationship with Plaintiff. Defendant Marquette Manor breached its fiduciary duty to the Plaintiff by engaging in and allowing the conduct described herein.

27.     As a direct result of Marquette Manor's breach of its fiduciary duties, Plaintiff has suffered the injuries and damages described herein.

WHEREFORE, Plaintiff demands judgment against Defendant Marquette Manor in an amount in excess of $50,000, plus costs, disbursements, reasonable attorney's fees, interest and such other relief as the court deems just and equitable.

Respectfully submitted,

_____
One of Plaintiff's Attorneys

Marc J. Pearlman
Michael L. Brooks
David A. Argay
KERNS, FROST & PEARLMAN, LLC
70 W. Madison St., Ste. 5350
Chicago, IL 60602
Atty No.: 43936
(312) 261-4550

Jeffrey R. Anderson
JEFF ANDERSON AND ASSOCIATES, P.A.
E-1000 First National Bank Building
332 Minnesota Street
St. Paul, Minnesota 55101
(651) 227-9990
ATTORNEYS FOR PLAINTIFF

{00045130.DOC}

7