IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Rachel Griffith, | ) |
|         Plaintiff, | ) |
| vs. | ) Case No.: 08 CV 2003 |
| Marquette Manor Baptist Church, an Illinois not-for-profit Corporation and Edward D. Greene, | ) Judge Hibbler |
|         Defendants. | ) |

## MOTION TO REMAND

Plaintiff, Rachel Griffith ("Griffith"), moves this Court for an Order remanding this case to the Circuit Court of Cook County, Illinois. In support of this motion, Griffith states as follows:

1. This action arises out of the sexual abuse of Griffith by defendant Edward Greene ("Greene") a former youth pastor employed by Defendant Marquette Manor Baptist Church ("Marquette Manor"), located in Downers Grove, Illinois. Complaint, Ex. 1, hereto, ¶¶ 2. Both defendants been served with the Complaint and Summons.

2. On May 22, 2008, Defendant Marquette Manor filed its "Notice of Removal", purporting to remove this case from the Circuit Court of Cook County to this Court pursuant to the terms set forth in 28 U.S.C. § 1446. As set forth in that Notice, the purported grounds for removing the case to this Court is the parties' diversity of citizenship. *See* 28 U.S.C. § 1332(a)(1).

3. Plaintiff Griffith is a resident and citizen of South Carolina. Complaint, ¶ 1. Defendant Green currently incarcerated in Taylorville, Illinois, is a resident of Illinois. *See* Notice of Removal, ¶ 1. Defendant Marquette Manor is incorporated in Illinois with its headquarters and principal place of business in Downers Grove, Illinois. *Id.* at ¶ 1.

{00046496.DOC}

1

4. Defendant Marquette Manor's removal is improper under the relevant sections of the United States Code. *See* 28 U.S.C. § 1441 (b). That section provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

5. Marquette Manor's attempt to remove this case on the grounds of diversity of citizenship fails under 28 U.S.C. § 1441 (b). There is no original jurisdiction in this court because all of plaintiff's causes of action are state-law based tort claims. Plaintiff's claims were filed in Illinois against two defendants who are both citizens of Illinois. Accordingly, § 1441 (b) precludes the transfer of this case to this Court.

6. For the foregoing reasons, Plaintiff requests that this Court remand this matter back to the Circuit Court of Cook County.

WHEREFORE, Plaintiff Rachel Griffith prays for an order remanding this action back to the Circuit Court of Cook County, Illinois.

Respectfully submitted,

By: s/ Michael L. Brooks
One of Plaintiff's Attorneys

Marc J. Pearlman
Michael L. Brooks
David A. Argay
KERNS, FROST & PEARLMAN, LLC
70 W. Madison St., Ste. 5350
Chicago, IL 60602
(312) 261-4550

{00046496.DOC}

2