IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| RACHEL GRIFFITH, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No.   08 CV 3003 |
| ) | |
| MARQUETTE MANOR BAPTIST CHURCH, ) | |
| AN ILLINOIS NOT-FOR-PROFIT ) | |
| CORPORATION and EDWARD D. GREENE, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COMES the Defendant, MARQUETTE MANOR BAPTIST CHURCH, (hereinafter referred to as "MARQUETTE"), by and through its attorneys, MULHERIN, REHFELDT & VARCHETTO, P.C., pursuant to Federal Rule of Civil Procedure 12(b)(6), and for its Motion to Dismiss Plaintiff's Complaint, states as follows:

### I.   BACKGROUND

On or about April 23, 2008, Plaintiff, Rachel Griffith, commenced this action by filing a Complaint against various Defendants, including MARQUETTE. (See Plaintiff's Complaint at Law attached to MARQUETTE's Notice of Removal, Court Document No. 1). In her Complaint, the Plaintiff alleges that starting in October 1994, while she was fourteen years old, the Defendant, EDWARD D. GREEN, began to sexually molest her. (See Plaintiff's Complaint at Law attached to MARQUETTE's Notice of Removal, Court Document No. 1). The sexually molestation allegedly continued until 1999, when she was eighteen or nineteen years old. (See Plaintiff's Complaint at Law attached to MARQUETTE's Notice of Removal, Court Document No. 1). The Plaintiff alleges that the Defendant, EDWARD D. GREEN, was a youth pastor and/or a teacher for

1

MARQUETTE during the times of her alleged abuse. (See Plaintiff's Complaint at Law attached to MARQUETTE's Notice of Removal, Court Document No. 1). The Plaintiff and her family were allegedly members of MARQUETTE during the times of her alleged abuse. (See Plaintiff's Complaint at Law attached to MARQUETTE's Notice of Removal, Court Document No. 1).

In connection with her alleged abuse, the Plaintiff has filed this action against MARQUETTE, wherein she alleges that MARQUETTE owed her a fiduciary duty. (See Plaintiff's Complaint at Law attached to MARQUETTE's Notice of Removal, Court Document No. 1). Counts I and III of the Plaintiff's Complaint are directed at MARQUETTE stemming in negligence and an alleged breach of fiduciary duty. For the reasons stated herein, MARQUETTE requests that this Court dismiss Counts I and III of the Plaintiff's Complaint against MARQUETTE.

## II.    STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). A motion to dismiss should be granted if the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Gen. Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir. 1997).

## III.    ARGUMENT

### A. Counts I and III of Plaintiff's Complaint are Barred By the Statute of Limitations

The Plaintiff's Complaint allegations against MARQUETTE must be dismissed as they are barred by the applicable statute of limitations. Counts I and III of the Plaintiff's Complaint are governed by the two years statute of limitations for "childhood sexual

abuse" in effect from 1994 through 1999, the dates of the alleged abuse. 735 ILCS 5/13-202.2; Softcheck v. Imesch, 367 Ill. App. 3d 148, 153, 855 N.E.2d 941, 945 (3rd Dist. 2006). In this regard, from 1994 through 1999, 735 ILCS 5/13-202.2 stated in pertinent part:

> (b) An action for damages for personal injury based on childhood sexual abuse must be commenced **within 2 years of the date the person abused discovers or through the use of reasonable diligence should discover that the act of childhood sexual abuse occurred and that the injury was caused by the childhood sexual abuse**.
>
> * * *
>
> (d) The limitation periods under subsection (b) do not begin to run before the person abused attains the age of 18 years; and, if at the time the person abused attains the age of 18 years he or she is under other legal disability, the limitation periods under subsection (b) do not begin to run until the removal of the disability.

735 ILCS 5/13-202.2(b), (d) (emphasis added); Softcheck, 367 Ill. App. 3d at 153, 855 N.E.2d at 945. Under 735 ILCS 5/13-202.2, the Plaintiff had two years from the date of her alleged abuse or two years from when she turned eighteen to file her Complaint against MARQUETTE. Although 735 ILCS 5/13-202.2 was amended in 2003, it did not revive the Plaintiff's cause of action as it was barred by the applicable statute of limitations.

In Illinois, it is clear that "once a statute of limitations has expired, the defendant has a vested right to invoke the bar of the limitations period as a defense to a cause of action," and "that right cannot be taken away by the legislature without offending the due process protections of [the Illinois] constitution." Clay v. Kuhl, 189 Ill.2d 603, 609, 727 N.E.2d 217, 221 (2000); M.E.H. v. L.H., 177 Ill.2d 207, 214-15, 685 N.E.2d 335, 339 (1997); Softcheck, 367 Ill. App. 3d at 157, 855 N.E.2d at 946; Kuch v. Catholic

3

Bishop of Chicago, 366 Ill. App. 3d 309, 313, 851 N.E.2d 233, 236 (2nd Dist. 2006).  In cases similar to the case at bar, Illinois courts have held that the plaintiffs' actions for alleged childhood sexual abuse were barred by the statute of limitations that was in effect at the time that they reached the age of majority.  See Clay, 189 Ill.2d at 609-14; 727 N.E.2d at 221-24; M.E.H., 177 Ill.2d at 210-20, 685 N.E.2d at 337-41; Softcheck, 367 Ill. App. 3d at 155-57, 855 N.E.2d at 947-48; Kuch, 366 Ill. App. 3d at 313-14, 851 N.E.2d at 236-37.

Consequently, the statute of limitations applicable in this case is the 1994 version of 735 ILCS 5/13-202.2, which granted the Plaintiff two years from the date of her alleged abuse or two years from when she turned eighteen to file her Complaint against MARQUETTE.  As the Plaintiff's alleged abused ended in 1999, at which time the Plaintiff was over eighteen, she had until 2001 to file her Complaint.  As the Plaintiff did not file this action until 2008, Counts I and III of her Complaint against MARQUETTE are time barred.  Thus, MARQUETTE requests that this Court dismiss Counts I and III of the Plaintiff's Complaint against it with prejudice.

**B. Count III of Plaintiff's Complaint Fails to State a Cause of Action**

Count III of the Plaintiff's Complaint against MARQUETTE must be dismissed as Illinois does not recognize causes of action for alleged breach of fiduciary duty under the facts alleged in this case.  In her Complaint, the Plaintiff alleges that her and her family were members of MARQUETTE during the dates of her alleged abuse, and that MARQUETTE owed her a fiduciary duty based upon the same.  Count III of the Plaintiff's Complaint seeks damages for an alleged breach of a fiduciary duty.

Under Illinois law, "a contention that a cleric has breached his duty as a fiduciary is not actionable." Howell v. Joffe, 483 F. Supp. 2d 659, 669 (N.D. Ill. 2007); Amato v. Greenquist, 287 Ill. App. 3d 921, 932, 679 N.E.2d 446, 454 (1st Dist. 1997). In not permitting such actions, the courts, including the Seventh Circuit, have held that "to define a reasonable duty standard and to evaluate the cleric's conduct against that standard," would require an inquiry "that is of doubtful validity under the Free Exercise Clause." Dausch v. Rykse, 52 F.3d 1425, 1438 (7th Cir. 1994); Howell, 483 F. Supp. 2d at 669; Amato, 287 Ill. App. 3d at 932, 679 N.E.2d at 454. "This is because inquiring about the nature of the fiduciary relationship between the cleric and the parishioner would require a court to delve into matters of spirituality since 'the fiduciary relationship is inescapably premised upon the cleric's status as an expert in theological and spiritual matters.'" Howell, 483 F. Supp. 2d at 669. In Howell and Amato, actions based upon an alleged breach of fiduciary duty against church officials and churches were dismissed. Howell, 483 F. Supp. 2d at 669; Amato, 287 Ill. App. 3d at 932, 679 N.E.2d at 454.

The case at bar is analogous to Howell and Amato. Consequently, as in those cases, the Plaintiff cannot maintain a cause of action against MARQUETTE for an alleged breach of fiduciary duty. As such, Count III of the Plaintiff's Complaint must be dismissed. Thus, MARQUETTE requests that this Court dismiss Count III of the Plaintiff's Complaint against it with prejudice.

### IV.     CONCLUSION

WHEREFORE, the Defendant, MARQUETTE MANOR BAPTIST CHURCH, respectfully requests that this Honorable Court dismiss Counts I and III of the Plaintiff's

5

Complaint against the Defendant, MARQUETTE MANOR BAPTIST CHURCH, with prejudice, for the reasons stated herein.

        Respectfully Submitted,

         s/ Joseph G. Skryd  
        Joseph G. Skryd, One of the Attorneys for Defendant,  
        MARQUETTE MANOR BAPTIST CHURCH

Joseph G. Skryd  
Mulherin, Rehfeldt & Varchetto, P.C.  
211 S. Wheaton Avenue  
Suite 200  
Wheaton, Illinois 60187

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 6, 2008, I electronically filed the foregoing Motion to Dismiss Plaintiff's Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Marc J. Pearlman
Michael L. Brooks
David A. Argay
KERNS, FROST & PEARLMAN, LLC
70 W. Madison Street
Suite 5350
Chicago, Illinois

Jeffrey R. Anderson
JEFF ANDERSON AND ASSOCIATES, P.A.
E-1000 First National Bank Building
332 Minnesota Street
St. Paul, Minnesota 55101

Daniel E. Radakovich
Law Office of Daniel E. Radakovich
900 West Jackson Boulevard
Suite 5-East
Chicago, Illinois


                                                                              /s Joseph G. Skryd  _____