IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| RACHEL GRIFFITH, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 CV 3003 |
| v. | ) | |
| | ) | Judge William J. Hibbler |
| MRQUETTE MANOR BAPTIST CHURCH | ) | Magistrate Judge Arlander Keys |
| (AN ILLINOIS NOT-FOR-PROFIT | ) | |
| CORPORATION) and EDWARD D. GREENE | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT GREENE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COMES one of the Defendants herein, EDWARD D. GREENE (hereinafter GREENE), by and through his attorney, DANIEL E. RADAKOVICH, and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully prays this Honorable Court to enter an Order dismissing the Plaintiff's Complaint and in support thereof states as follows:

**I. BACKGROUND**

On or about April 23, 2008, Plaintiff, Rachel Griffith, commenced this action by filing a Complaint against various Defendants, including GREENE. In her Complaint, the Plaintiff alleges that "starting in or about October 1994, while she was fourteen years of age," the defendant, GREENE, began to sexually abuse her. The sexual molestation allegedly continued until "1999 when it ended." In 1999 the Plaintiff was eighteen or nineteen years of age. The Plaintiff alleges that the Defendant GREENE was a youth pastor and/or teacher for Defendant MARQUETTE MANOR BAPTIST CHURCH at the times of the alleged abuse. The Plaintiff

and her family were members of MARQUETTE during the times of her alleged abuse. Based upon information and belief the Plaintiff's date of birth is June 7, 1980

Pursuant to the alleged abuse Plaintiff has filed this action against GREENE, wherein she alleges that GREENE sexually assaulted her as a minor. Count II of the Plaintiffs Complaint is aimed at Defendant GREENE. Plaintiff claims that as a direct result of this alleged abuse she has suffered injuries and damages.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint for the failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). A motion to dismiss should be granted if the plaintiff can prove that no set of facts in support of her claims that would entitle her to relief. Gen. Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir. 1997)

## III. ARGUMENT

### A.  Count II of Plaintiff's Complaint is Bared By the Statute of Limitations

The allegations in Plaintiff's Complaint against GREENE must be dismissed as they are barred by the applicable statute of limitations. 735 ILCS 5/13-202.2 was amended in 1993, that amendment took effect January 1, 1994. That amendment remained in effect until January 1, 2003. The dates of the alleged sexual abuse are between 1994 and 1999. This would mean that the 1993 amendment is applicable to the case at bar. Between 1994 and 1999 735 ILCS 5/13-202.2 read, in relevant part:

> (b)     An Action for damages for personal injury based on childhood sexual abuse must be commenced within 2 years of the date the person abused discovers or through the use of reasonable diligence should discover that the act of

2

> childhood sexual abuse occurred and that the injury was caused by the childhood sexual abuse.
>
> * * *
>
> (d)   The limitation periods under subsection (b) do not begin to run before the person abused attains the age of 18 years; and, if at the time the person abused attains the age of 18 years he or she is under other legal disability, the limitation periods under subsection (b) do not begin to run until the removal of the disability.

Under this version of 735 ILCS 5/13-202.2, the Plaintiff had two years from the last occurrence of her alleged abuse or two years from the date of her eighteenth birthday, whichever came later, to file her Complaint against GREENE. Even though 735 ILCS 5/13-202.2 was amended in 2003 to extend the statute of limitations beyond the previous two year period, it did not revive the Plaintiff's Claim because the is was already barred by the previous statute of limitations.

The Illinois Supreme Court has held that "once a statue of limitations has expired, the defendant has a vested right to invoke the bar of the limitations period as a defense to a cause of action. That right cannot be taken away by the legislature without offending the due process protections of [the Illinois] constitution …. If the claims were time-barred under the old law, they remained time-barred [under the new]" *M.E.H v. L.H.*, 685 N.E.2d 335. Illinois courts have repeatedly held that cases, strikingly similar to one at bar, dealing with childhood sexual abuse, the statute of limitations that was in effect, and had run, at the time of the abuse, was the one that the courts were going to apply. *See Clay v. Kuhl*, 189 Ill.2d at 609-14; 727 N.E.2dat 221-24; *M.E.H.,* 177 Ill.2d at 210-20; 685 N.E.2d at 337-41; *Softcheck v. Imesch*, 367 Ill.App.3d at 155-57; 855 N.E.2d at 947-48.

The statute of limitations that should be applied to this case is the 1993 amendment to 735 ILCS 5/13-202.2 that went into effect January 1, 1994. Under this amendment Plaintiff had

two years from the final date of her alleged abuse or from her eighteenth birthday to file her Complaint against GREENE. The Plaintiff alleges that the abuse ended in 1999. In 1999 the Plaintiff was over the age of eighteen. The Plaintiff therefore had until the date in 2001 corresponding to the last incident of alleged abuse in 1999 in which to file her Complaint (i.e. if December 31, 1999 was the last date of alleged abuse the Plaintiff would have had until December 31, 2001 to file her Complaint). The Plaintiff did not file her Complaint until April of 2008. Consequently the Plaintiff missed the two year deadline and the Complaint is, therefore, untimely and should therefore be dismissed as a matter of law.

## IV. CONCLUSION

WHEREFORE, the Defendant, EDWARD D. GREENE, respectfully requests that this Honorable Court dismiss Count II of the Plaintiff's Complaint against the Defendant, EDWARD D. GREENE, with prejudice, for the reasons stated herein.

Respectfully Submitted,

s/Daniel E. Radakovich
Daniel E. Radakovich, Attorney for Defendant,
EDWARD D. GREENE

Daniel E. Radakovich
900 W. Jackson Ave
Suite 5-E
Chicago Il, 60607

4

**CERTIFICATE OF SERVICE**

   I hereby certify that on June 13, 2008, I electronically filed the foregoing Motion to Dismiss Plaintiff's Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Marc J. Pearlman
Michael L. Brooks
David A. Argay
KERNS, FROST & PEARLMAN, LLC
70 West Madison Street
Suite 5350
Chicago, Illinois 60602

Jeffery R. Anderson
JEFF ANDERSON AND ASSOCIATES, P. A.
E-1000 First National Bank Building
332 Minnesota Street
St. Paul, Minnesota, 55101

Joseph G. Skryd
MULHERIN, REHFELDT & VARCHETTO, P. C.
211 South Wheaton Avenue
Suite 200
Wheaton, Illinois 60187

                s/Daniel E. Radakovich