IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| RACHEL GRIFFITH, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 CV 3003 |
| v. | ) | |
| | ) | Judge William J. Hibbler |
| MARQUETTE MANOR BAPTIST CHURCH | ) | Magistrate Judge Arlander Keys |
| (AN ILLINOIS NOT-FOR-PROFIT | ) | |
| CORPORATION) and EDWARD D. GREENE | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT GREENE'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

NOW COMES one of the Defendants herein, EDWARD D. GREENE, by and through his attorney, DANIEL E. RADAKOVICH, and as and for his Response to the Plaintiff's Motion to Remand in this case states as follows:

1. Defendant EDWARD GREENE is a resident of the State of North Carolina. This fact was acknowledge in the (original) Complaint at Law filed the Plaintiff herein in the Circuit Court of Cook County, Illinois (reference: PARTIES, PARAGRAPH 3).

2. That the Defendant Greene is currently incarcerated in the Illinois Department of Corrections at the Taylorville Correctional Center in Taylorville, Illinois.

3. The Defendant's domicile is in North Carolina since domicile is a voluntary status and forcible change in a person's state of residence does not alter his domicile; hence the domicile of the prisoner before he was imprisoned is presumed to remain his domicile while he is in prison. *Sullivan v. Freeman and Delworth*, 944 F.2d 334, 337 (7th Cir. 1991) see also *Stifel v. Hopkins*, 477 F.2d 1116 (6th Cir. 1973) (per curiam); *Housand v. Heiman*, 594 F.2d 923, 925 n. 5 (2d Cir. 1979) (per curiam); *Jones v. Hadican*, 552 F .2d 249 (8th Cir. 1977); *Polakoff v.*

*Henderson*, 370 F. Supp. 690, 693 (N.D. Ga. 1973), aff'd per curiam, 488 F.2d 977 (5th Cir. 1974).

 4. A defendant's domicile does not change when he is incarcerated.  With respect to the domicile of prisoners, the tradition rule is that a prisoner does not acquire a domicile when he is incarcerated in a different state; instead, he retains the domicile he had prior to his incarceration. *Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977) see also *Polakoff v. Henderson*, 370 F.Supp. 690, 693 (N.D. Ga. 1973), aff'd, 479 F.2d 1044 (5th Cir. 1973); *Shaffer v. Tepper,* 127 F. Supp. 892, 894 (E.D. Ky. 1955); *Wendel v. Hoffman*, 24 F. Supp. 63, 64-65 (D.N.J. 1938), appeal dismissed , 104 F.2d 56 (3d Cir. 1939).

 5. To acquire a domicile within a particular state, a person must be physically present in the State and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere.  *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973) see also *Gilbert v. David*, 235 U.S. 561 at 569-70; [**8] *Gallagher v. Philadelphia Transp. Co.*, 185 F.2d 543, 546-47 (3d Cir. 1950).

 6. A prisoner's "place of incarceration is irrelevant if he is a Citizen of the State in which he lived before incarceration or the place he intends to live after his release." *Peters v. Astrazenceca L P, 224 Fed. Appx. 503, 505 (7th Cir. 2007);* Bontkowski v. Smith, 305 F.3d 757, 763 (7th Cir 2002).

 7. There is, therefore, diversity of citizenship between and among the Plaintiff herein who is a resident of South Carolina, the Defendant EDWARD D. GREENE who is a resident and domiciliary of the State of North Carolina and the Defendant Marquette Manor Baptist Church an Illinois not-for-profit corporation.

 8. That in Paragraph 5 of Plaintiff's Motion to Remand the Plaintiff states, in part: "Plaintiff's claims were filed in Illinois against two (2) defendants <u>who are both citizens of</u>

Illinois." (emphasis added).  This is not true.  Plaintiff acknowledges in her original Complaint at Law that Defendant Greene "is a resident of North Carolina."

      WHEREFORE, Defendant EDWARD GREENE respectfully prays this Honorable Court to enter an order denying the Plaintiff's Motion to Remand.  The Defendant EDWARD GREENE hereby supports the motion for Removal filed by Defendant MARQUETTE MANOR BAPTIST CHURCH herein  Further, this Response may be considered as an additional and/or Supplemental Motion for Removal by Defendant EDWARD GREENE.

      Respectfully Submitted,

      s/Daniel E. Radakovich
      Daniel E. Radakovich, Attorney for Defendant,
      EDWARD D. GREENE

Daniel E. Radakovich
900 W. Jackson Ave
Suite 5-E
Chicago Il, 60607
312/733-5116

3

CERTIFICATE OF SERVICE

      I hereby certify that on June 27, 2008, I electronically filed the foregoing Response to Plaintiff's Motion to Remand with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Marc J. Pearlman
Michael L. Brooks
David A. Argay
KERNS, FROST & PEARLMAN, LLC
70 West Madison Street
Suite 5350
Chicago, Illinois 60602

Jeffery R. Anderson
JEFF ANDERSON AND ASSOCIATES, P. A.
E-1000 First National Bank Building
332 Minnesota Street
St. Paul, Minnesota, 55101

Joseph G. Skryd
MULHERIN, REHFELDT & VARCHETTO, P. C.
211 South Wheaton Avenue
Suite 200
Wheaton, Illinois 60187

                                                    s/Daniel E. Radakovich