

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 3003 | DATE | July 14, 2008 |
| CASE TITLE | Griffith v. Marquette Manor Baptist Church, et al | | |

**DOCKET ENTRY TEXT:**

Plaintiff's Motion to Remand to the Circuit Court of Cook County (doc. #12) is GRANTED. All other pending motions (doc. ##15, 17) are DENIED as moot. Further, counsel for both Defendants are directed to show cause on or before August 4, 2008, why they should not be sanctioned pursuant to Fed. R. Civ. P. 11(c)(3).

■ [ For further details see text below.]    *Wm. J. Hibbler*    Docketing to Mail Notices

### STATEMENT

Rachel Griffith sued the Marquette Manor Baptist Church and a former youth minister at the Church, who allegedly sexually abused her in the Circuit Court of Cook County, Illinois. Marquette Manor promptly removed the case, prior to obtaining consent of the second Defendant Edward Greene, which itself was improper though not a basis for remand in this instance because Griffith never objected. *See Doe v. GTE Corp.*, 367 F.3d 655 (7th Cir. 2003) (removal requires consent of all defendants, but a defect in removal process is not jurisdictional and can be waived); *see also Fifth Third Bank ex rel. Trust Officer v. CSX Corp.*, 415 F.3d 741, 743 (7th Cir. 2005) (observing that consent letters were attached to notice of removal). Griffith moves to remand, arguing that 28 U.S.C. § 1441(b) does not permit removal when one or more of the Defendants is a citizen of the state in which the suit was filed and when removal depends upon diversity jurisdiction. Griffith is correct.

The text of § 1441(b), which was read by the Court during the motion hearing on June 17, 2008, reads:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if *none* of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The language of the statute could not be any more plain. Removal is not proper when federal jurisdiction arises because of the diversity of the parties if either of the Defendants is a citizen of the state in which the action

is brought. And yet <u>both</u> Defendants entirely ignore the abundantly clear language of the statute in their opposition to the motion to remand, instead arguing about the citizenship of only one Defendant, Greene. But Greene's citizenship simply does not matter because Marquette Manor is a citizen of Illinois.

Griffith made this point, perhaps not as clearly as she could, in her motion to remand. Griffith's counsel later expressly referred to the language of the removal statute twice during the motion hearing. (<u>See</u> June 17, 2008 Transcript at 5-6). The first time counsel observed that the parties "could fight about what the citizenship of defendant Greene is. But it's irrelevant under my interpretation of the statute." (<u>See</u> June 17 Tr. at 5). The second time, counsel stated "But regardless, the statute says it's got to be true [that the defendant is not a citizen of the state in which the action is brought] for each and every defendant. It says, none of the parties in this instance properly joined to serve as defendants. And here we are talking about a church that's located in Downers Grove and incorporated in Illinois." (<u>See</u> June 17 Tr. at 6 ). Immediately thereafter the Court commented that it was "reading the same statute . . . [a]nd that's exactly what it says." (<u>See</u> June 17 Tr. at 6). The Court then read the relevant text of the statute to the Defendants. (<u>See</u> June 17 Tr. at 6). After reading the relevant text, the Court advised the parties that "it's hard to brief around that . . . [b]ut if you think you can come up with some reasoning that's going to overcome the words of the statute . . . I have been surprised before, but not when things seem to be so clear." (<u>See</u> June 17 Tr. at 6). Counsel for Marquette Manor advised the Court that he would "look at that [the statute]" to see if there is a basis for removal. (<u>See</u> June 17 Tr. at 6-7).

Despite counsel's promise, nowhere in the response does counsel acknowledge the language of the statute. The Court is hard-pressed to imagine a more wasteful use of judicial resources than has been demonstrated here. The language of the removal statute could not be more plain. In her motion to remand, the Plaintiff quoted the language of § 1441(b) and explained that the case was not removable. Defendants simply ignored the language of the removal statute and plaintiff's explanation of it. They later ignored the Plaintiff's and the Court's explanation of the removal statute during the motion hearing. Next, they proceeded to brief an entirely different issue, one which is simply not relevant.

The Rules of Civil Procedure require counsel to make only those claims, defenses and other legal contentions that are warranted by existing law or nonfrivolous arguments for extending, modifying or reversing existing law. Fed. R. Civ. P. 11(b). Clearly, Defendants' positions are not warranted by existing law. And despite being made aware of existing law no less than four times, Defendants not once even cited to the relevant statute. Defendants are therefore ordered to show cause on or before August 4, 2008, why they should not be sanctioned pursuant to Rule 11(c)(3).

Plaintiff's Motion to Remand is GRANTED.