IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

RACHEL GRIFFITH,                        )
                                        )
                    Plaintiff,          )
        v.                              )        No.    08 CV 3003
                                        )
MARQUETTE MANOR BAPTIST CHURCH,         )
AN ILLINOIS NOT-FOR-PROFIT              )
CORPORATION and EDWARD D. GREENE,       )
                                        )
                    Defendants.         )

## RESPONSE TO RULE TO SHOW CAUSE

NOW COMES the Defendant, MARQUETTE MANOR BAPTIST CHURCH,

(hereinafter referred to as "MARQUETTE"), by and through its attorneys, MULHERIN,

REHFELDT & VARCHETTO, P.C., and for its Response to Rule to Show Cause, states

as follows:

## I.  BACKGROUND

On or about April 23, 2008, Plaintiff, Rachel Griffith, commenced this action by

filing a Complaint against various Defendants, including MARQUETTE.  (See Plaintiff's

Complaint at Law attached to MARQUETTE's Notice of Removal, Court Document No.

1).  In her Complaint, the Plaintiff alleges that starting in October 1994, while she was

fourteen years old, the Defendant, EDWARD D. GREEN, (hereinafter referred to as

"GREENE"), began to sexually molest her.  (See Plaintiff's Complaint at Law attached to

MARQUETTE's Notice of Removal, Court Document No. 1).  The sexually molestation

allegedly continued until 1999, when she was eighteen or nineteen years old.  (See

Plaintiff's Complaint at Law attached to MARQUETTE's Notice of Removal, Court

Document No. 1).  The Plaintiff alleges that the GREEN was a youth pastor and/or a

teacher for MARQUETTE during the times of her alleged abuse.  (See Plaintiff's

Complaint at Law attached to MARQUETTE's Notice of Removal, Court Document No. 1). The Plaintiff and her family were allegedly members of MARQUETTE during the times of her alleged abuse. (See Plaintiff's Complaint at Law attached to MARQUETTE's Notice of Removal, Court Document No. 1). In connection with her alleged abuse, the Plaintiff has filed this action against MARQUETTE, wherein she alleges that MARQUETTE owed her a fiduciary duty. (See Plaintiff's Complaint at Law attached to MARQUETTE's Notice of Removal, Court Document No. 1). Counts I and III of the Plaintiff's Complaint are directed at MARQUETTE stemming in negligence and an alleged breach of fiduciary duty. (See Plaintiff's Complaint at Law attached to MARQUETTE's Notice of Removal, Court Document No. 1).

On or about June 2, 2008, MARQUETTE removed this matter to federal court. (See MARQUETTE's Notice of Removal, Court Document No. 1). Shortly thereafter, on June 4, 2008, the Plaintiff moved to remand this matter back to state court, wherein she argued that both Defendants' citizenship was relevant to determining the Court's jurisdiction. (See Plaintiff's Motion to Remand, Court Document No. 12). Specifically, the Plaintiff argued that both Defendants were citizens of Illinois. (See Plaintiff's Motion to Remand, Court Document No. 12). On June 9, 2008, MARQUETTE filed its Motion to Dismiss alleging that the Plaintiff had improperly named MARQUETTE in this matter as Illinois does not recognize a cause of action for an alleged breach of fiduciary duty, and her negligence action was barred by the statute of limitations. (See MARQUETTE's Motion to Dismiss, Court Document No. 15).

On June 17, 2008, the various Motions were before the Court for initial presentment. At that time, counsel for MARQUETTE requested time to respond to the Plaintiff's Motion to Remand as it was MARQUETTE's position that the Court's

jurisdiction of the matter revolved around the GREEN's citizenship.  As such, this Court granted the Defendants until June 27, 2008 to respond to the Plaintiff's Motion.

On June 27, 2008, MARQUETTE filed its response to the Plaintiff's Motion to Remand outlining how GREEN was not a citizen of Illinois.  (See MARQUETTE's Response to Plaintiff's Motion to Remand, Court Document No. 20).  In addition, the GREEN filed a response to the Plaintiff's Motion, wherein he set forth his basis for his citizenship and the Court's jurisdiction.  (See GREEN's Response to Plaintiff's Motion to Remand, Court Document No. 21).  Further, in his response, GREENE requested this Court to consider his response as an additional and/or supplemental Motion for Removal.  (See GREEN's Response to Plaintiff's Motion to Remand, Court Document No. 21).

On July 14, 2008, this Court ruled on the Plaintiff's Motion finding that it had no jurisdiction over this matter.  In its order, the Court allege that the Defendants ignored the language of the removal statute and Plaintiff's explanation of it.  As such, the Court ordered the Defendants to show cause why sanctions are not appropriate.  For the reasons stated herein, sanctions against MARQUETTE are not appropriate in this matter.

## II.  ARGUMENT

In this case, the Plaintiff is not entitled to just costs and fees, including attorneys' fees, pursuant to § 1447(c) or Rule 11(c)(3).  As the Court is considering sanctioning the Defendants for the improper removal of this matter and the briefing of the Plaintiff's Motion, MARQUETTE analyzes this issue under § 1447(c) as it, and its accompanying case law, directly address this issue.  Under § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorneys' fees,

incurred as a result of the removal."  28 U.S.C. § 1447(c).  However, an order

remanding a removed matter to state court does **not** require a grant of attorneys' fees

on remand as a matter of course.  Martin v. Franklin Capital Corp., 546 U.S. 132, 138-

39 (2005).  Rather, an award of fees under § 1447(c) is left to the discretion of the

district court guided by sound legal principals to decide like cases.  Id. at 139.  As the

Supreme Court has stated: "the appropriate test for awarding fees under §1447(c)

should recognize the desire to deter removals sought for the purpose of prolonging

litigation and imposing costs on the opposing party, while not undermining Congress'

basic decision to afford defendants a right to remove as a general matter, when the

statutory criteria are satisfied."  Id. at 140.  In this case, just costs and fees, including

attorneys' fees, pursuant to § 1447(c) are not warranted.  For the reasons stated herein,

this Court should not impose sanctions upon MARQUETTE.

    In this matter, the Plaintiff is not entitled to just costs and fees, including

attorneys' fees, pursuant to § 1447(c), as she has not stated sufficient grounds for the

same.  In fact, in her Motion to Remand, the Plaintiff does **not** seek costs and fees.

Further, the Plaintiff does **not** allege that the Defendants unreasonably removed this

matter.  Moreover, the Plaintiff does **not** allege that the Defendants removed this matter

for the purpose of prolonging litigation or increasing the Plaintiff's costs in prosecuting

her case.  As supported by the record, MARQUETTE's removal of this matter was not

objectively unreasonable, and not done for the purpose of prolonging litigation or

increasing the Plaintiff's costs in prosecuting her case.  Thus, the Plaintiff must be

denied just costs and fees, including attorneys' fees, pursuant to § 1447(c).

    In Martin, the United States Supreme Court unanimously held that "**absent**

**unusual circumstances, attorney's fees should not be awarded when the**

**removing party has an objectively reasonable basis for removal**."  <u>Martin</u>, 546 U.S. at 141 (emphasis added).  In this regard, the Supreme Court noted that § 1447(c) "provides that a remand order 'may' require payment of attorney's fees- not 'shall' or 'should,'" connoting discretion."  <u>Id.</u> at 136.  It found that "had Congress intended to award fees as a matter of course to a party that successfully obtains a remand, . . . 'such a bold departure from traditional practice would have surely drawn more explicit statutory language and legislative comment.'"  <u>Id.</u> at 137.  As such, the Supreme Court gave § 1447(c) its natural reading by authorizing "courts to award costs and fees, but **only** when an award is just."  <u>Id.</u> at 138 (emphasis added).  In doing so, the Supreme Court found that "by enacting the removal statute, Congress granted a right to a federal forum to a limited class of state-court defendants[,]" and "defendants might choose to exercise this right only in cases where the right to remove was obvious . . . if fee shifting were automatic."  <u>Id.</u> at 140.  "There is no reason to suppose Congress meant to confer a right to remove, while at the same time discouraging its exercise in all but obvious cases."  <u>Id.</u>  "Congress . . . would not have enacted § 1447(c) if its only concern were avoiding deterrence of proper removals."  <u>Id.</u>  "Instead, Congress thought fee shifting appropriate in some cases."  <u>Id.</u>  "The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources."  <u>Id.</u>  "Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff."  <u>Id.</u>  "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a

general matter, when the statutory criteria are satisfied." Id.  As such, the Supreme

Court held that "in light of these 'large objectives' **the standard for awarding fees**

**should turn on the reasonableness of the removal**." Id. at 141 (emphasis added).

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only

where the removing party lacked an objectively reasonable basis for seeking removal."

Id.  Thus, "**when an objectively reasonable basis exists, fees should be denied**."

Id. (emphasis added).

        In Martin, the defendant removed the matter to federal court based upon diversity

jurisdiction, although the amount in controversy was not clear from the face of the

complaint.  Martin, 546 U.S. at 134.  Thereafter, the plaintiffs moved to remand the

matter to state court on the ground that their claims failed to satisfy the amount-in-

controversy requirement.  Id.  The district court denied the motion and eventually

dismissed the case.  Id.  On appeal, the Tenth Circuit agreed with the plaintiffs and

reversed the district court's order with instructions to remand the case to state court.  Id.

at 135.  Back before the district court, the plaintiffs moved for attorney's fees under §

1447(c), which the district court denied finding that the defendant "had objectively

reasonable grounds to believe the removal was legally proper."  Id.  On a second

appeal, the Tenth Circuit determined that the defendant's basis for removal was

objectively reasonable.  Id.  Upon review by the Supreme Court, the Tenth Circuit's

decision was affirmed, in part, because the plaintiffs did not dispute the reasonableness

of the defendant's removal arguments.  Id. at 141.

        In Brooks v. Merck & Co., Inc., 443 F. Supp. 2d 994 (S.D. Ill. 2006), the Southern

District of Illinois denied costs and fees pursuant to § 1447(c) under facts similar to

those in this case.  Brooks, 443 F. Supp. 2d at 1006.  In the case, the plaintiff filed an

action in Illinois state court asserting claims based upon strict product liability, negligence, consumer fraud, and breach of warranty arising from personal injuries allegedly caused by a prescription pain medication manufactured by the diverse defendant. Id. at 996. Thereafter, the diverse defendant removed the matter to federal court alleging that the non-diverse defendant had been fraudulently joined to defeat federal diversity jurisdiction. Id. at 996. Specifically, the diverse defendant contended that the plaintiff could not maintain an action against the non-diverse defendant under Article 2 of the Illinois Uniform Commercial Code and based upon the "learned intermediary" doctrine. Id. at 997. The plaintiff then requested that the matter be remanded to the state court for lack of subject matter jurisdiction, as well as an award of costs and expenses pursuant to § 1447(c). Id. at 997, 1006.

In ruling on the motion to remand, the Court found that it was plain that the learned intermediary doctrine applied exactly the same to each defendant, as if it held that the diverse defendant gave adequate warning to physicians absolving the liability of the non-diverse defendant, it would absolve the diverse defendant of liability as well. Id. at 1003. Thus, if the Court ruled that the non-diverse defendant had been fraudulently joined on the basis of the learned intermediary doctrine, it would establish the law of the case with respect to whether the diverse defendant was protected by the doctrine. Id. The Court concluded that the diverse defendant's invocation of the learned intermediary doctrine was "merely an attack on the merits of the plaintiff's claims." Id. at 1004. Consequently, the Court held that the learned intermediary doctrine was clearly an issue that went the merits of the plaintiff's claims and not the Court's jurisdiction, and remanded the case back to state court for lack of subject matter jurisdiction. Id. at 1003-05. In ruling on the plaintiff's request for an award for costs and expenses

pursuant to § 1447(c), the Court relied on Martin and found that there was no evidence that the case was removed for the purpose of prolonging litigation or increasing the plaintiff's costs in prosecuting her case. Id. at 1006. Although the Court ultimately found the diverse defendant's argument for removal unpersuasive, the Court held that the removal was not objectively unreasonable and denied the plaintiff's request for an award of costs and expenses. Id.

Further, in Hauck v. ConocoPhillips Co., No. 06-135, 2006 WL 1596826 (S.D. Ill. June 6, 2006), the Southern District declined to award costs and fees pursuant to § 1447(c), despite ultimately finding the diverse defendant's arguments and evidence offered in support of removal unpersuasive, as the removal was not objectively unreasonable. Hauck, 2006 WL 1596826, at *10. In the case, the plaintiff brought an action in state court alleging that he sustained injuries while an invitee at a refinery owned and operated by one of the diverse defendants. Id. at *1. The diverse defendants then filed a notice of removal alleging that the non-diverse defendant, who was employed by one of the diverse defendants, was fraudulently joined to defeat federal diversity jurisdiction because the plaintiff could not establish a claim against the non-diverse defendant under Illinois law. Id. Specifically, the diverse defendants asserted their grounds for fraudulent joinder premised on "the rule of agency law that an agent's breach of a duty to his principal, that is, a nonfeasance, is not ipso facto a breach of a duty to third persons, that is, a misfeasance, unless the agent owes a duty to an injured third person." Id. at *2. The Plaintiff, thereafter, moved to remand the case back to state court for lack of subject matter jurisdiction. Id. at *1. In ruling on the motion to remand, the Court held that the non-diverse defendant could be liable to the plaintiff under Illinois law, in part, because the alleged defects of the fuel-loading system

that led to the alleged condition, namely the oily and slippery loading dock, were extensive and serious and obviously did not arise overnight.  Id. at *3-9.  Further, the Court stated that "if true, plaintiff's allegations suggest conditions that had been in place a sufficiently long time before the plaintiff's injury occurred so that a reasonable safety manager could have or should have known about them."  Id. at *5.  It concluded that if it found that the non-diverse defendant could not be liable to the plaintiff because the one diverse defendant was not in control of the loading dock where the plaintiff allegedly fell at the time of the alleged incident, it would be ruling on the plaintiff's claims against the diverse defendants.  Id. at *9.  Thus, the Court remanded the matter to the state court for lack of subject matter jurisdiction.  Id.  In ruling on the plaintiff's request for costs and fees, pursuant to § 1447(c), the Court found that there was no evidence that the case was removed for the purpose of prolonging litigation or increasing the plaintiff's costs in prosecuting the case, thus an award of costs and expenses was not appropriate.  Id. at *10.

In addition, in other cases courts have declined to impose costs and actual expenses pursuant to § 1447(c) on remand, including cases removed on the basis of fraudulent joinder.  See Gardner v. UICI, 508 F.3d 559 (9th Cir. 2007) (declining to award costs and fees for an improper removed cases, wherein the diverse defendant alleged that the non-diverse defendants were fraudulently joined because the statute of limitations barred the actions); Hill v. Olin Corp., No. 07-CV-0054, 2007 WL 1431865 (S.D. Ill. May 14, 2007) (remanding case to state court without awarding costs and fees, wherein the diverse defendant alleged the non-diverse defendants were fraudulently joined because they could not be held liable for the negligence of the diverse defendant's contractor, which was simply an assertion that the plaintiff's case was ill

founded to all defendants); <u>Cincinnati Ins. Co. v. Prod. Design Products, Inc.</u>, No. 06-CV-915, 2007 WL 1021975 (S.D. Ill. Apr. 3, 2007), at *7 (denying request for costs and fees pursuant to § 1447(c) after determining that the removing defendant had failed to meet its burden of establishing fraudulent joinder); <u>Yount v. Shashek</u>, 472 F. Supp. 2d 1055, 1066-67 (S.D. Ill. 2006) (declining to award just costs and expenses, including attorney fees, wherein the removal was untimely, barred based upon other defendants failing to consent to removal, and improper as diversity jurisdiction did not exist); <u>Bova v. U.S. Bank, N.A.</u>, 446 F. Supp. 2d 926, 941 (S.D. Ill. 2006) (declining to award of just costs and fees after determination that finding of fraudulent joinder could not be made); <u>Stermon v. Tseten</u>, No. 06-CV-0219, 2006 WL 1722282, at *2 (S.D. Ill. 2006) (denying request for award of costs and fees, wherein the removal was defective and improper). <u>See also</u> <u>Badal v. Hinsdale Mem. Hosp.</u>, No. 06 C 7164, 2007 WL 1424205 (N.D. Ill. May 8, 2007), at *10 (denying plaintiff's request for costs, fees, and sanctions after determining that the plaintiff's state law causes of action were not completely preempted under ERISA, the court lacked subject matter jurisdiction, and the defendant removed the case four years too late); <u>Blankenship v. Bridgestone Americas Holding, Inc.</u>, 467 F. Supp. 2d 886, 899 (C.D. Ill. 2006) (denying prayer for attorneys fees incurred in seeking remand after determining that the Labor Management Relations Act did not preempt employees' state law claims, and the plaintiffs claims were based solely on state law and did not turn on "substantial questions of federal law").

The case at bar is analogous to the above-referenced cases, including <u>Martin</u> and <u>Brooks</u>, wherein just costs and fees pursuant to § 1447(c) were not awarded. As the plaintiffs in <u>Martin</u>, the Plaintiff does not dispute the reasonableness of MARQUETTE's removal arguments. In fact, the Plaintiff in this case has not moved for

sanctions and/or costs and fees pursuant to § 1447(c).  More importantly, there is no evidence and the Plaintiff does **not** allege that MARQUETTE removed this matter for the purpose of prolonging litigation or increasing the Plaintiff's costs in prosecuting her case.  Rather, as supported by the record, including its' Motion to Dismiss, MARQUETTE's removal of this matter was not objectively unreasonable, and not done for the purpose of prolonging litigation or increasing the Plaintiff's costs in prosecuting her case.  Rather, the Defendants' removal of this matter was objectively reasonable.

Here, although admittedly not set out as eloquently as it perhaps should have been, MARQUETTE removed this matter on the basis that diversity jurisdiction existed and it was improperly joined.  Under the § 1441(b), which was the basis for the Plaintiff's Motion to Remand, "any other actions shall be removable only if none of the parties in interest **properly** joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b) (emphasis added).  Here, through its arguments in its Motion to Dismiss and focusing on GREENE's citizenship in its response to the Plaintiff's Motion, it was MARQUETTE's position that this Court had jurisdiction as MARQUETTE was improperly or fraudulent joined as a party.  Where "'a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent' and removal is proper."  Gardner, 508 F.3d at 561.  In this regard, the Gardner court did not find that it was objectively unreasonable to argue that the allegedly a non-diverse party was fraudulently joined as the plaintiff was barred from asserting claims against it based upon the applicable statute of limitations.  See Gardner, 508 F.3d at 561-63.  Similarly, the Southern District has noted that a non-diverse party can be arguably fraudulently joined if added after the expiration of the

statute of limitations.  <u>Canterbery v. Petrovich</u>, No. 07-CV-0584, 2008 WL 63263, at *2 (S.D. Ill. Jan. 3, 2008).

In this case, MARQUETTE believes that the case law is clear that the Plaintiff cannot maintain a cause of action against it and was improperly joined.  As such, MARQUETTE's citizenship should not have been considered in ruling on the Plaintiff's Motion, rather the only parties' citizenship that was important was the Plaintiff and GREENE.  Although MARQUETTE's position may not have been clear, MARQUETTE did not disregard § 1441(b), or seek to delay this matter and impose additional costs upon the Plaintiff.  Unlike the implication in the Court's order to the contrary, counsel for MARQUETTE simply addressed the issues that were the basis of its position that this Court had jurisdiction over this matter.  It was not counsel for MARQUETTE's purpose to utilize the Court's judicial resources on what the Court later found to be a simple matter.  Rather, based upon its' reasonably belief that it was fraudulently named, MARQUETTE simply briefed an issue that it believed was relevant to the issue of jurisdiction, although it was ultimately unsuccessfully.  For these reasons and based upon the lack of allegations or evidence to the contrary, MARQUETTE's removal of this matter and brief in opposition to the Plaintiff's Motion to Remand were not objectively unreasonable, especially in light of GREENE's indication at the June 17, 2008 hearing that it joined the removal and would have removed the matter if MARQUETTE had not done so first.

Further, as in <u>Brooks</u>, there is no evidence to support the contention that this case was removed for the sole purpose of prolonging litigation or increasing the Plaintiff's costs in prosecuting this case.  Rather, the record demonstrates that counsel for MARQUETTE attempted to minimize the parties' costs and expenses in this matter

until this Court ruled on the Plaintiff's Motion to Remand and the Defendants' Motion to Dismiss, namely until it was determined which forum this matter would proceed in. In this regard, counsel for MARQUETTE obtained an agreement with counsel for the parties not to commence discovery until the Plaintiff's Motion to Remand and the Defendants' Motion to Dismiss were ruled upon.

Consequently, the evidence in this case clearly demonstrates that the Defendants' removal of this matter was objectively reasonable. The fact that this Court did not find the Defendants' removal arguments persuasive does not **alone** entitle the Plaintiff to costs and fees. Rather, this Court must follow prior similar cases and decline to exercise its discretion to award the Plaintiff costs and fees. As the imposition of costs and fees in this case, pursuant to § 1447(c), would act as a hindrance in the future to the limited class of state-court defendants with a right to removal by forcing them to chose to exercise this right only in cases where the right was obvious. As the Supreme Court has held, the imposition of costs and fees on remand is not automatic and is reserved only for those unusual circumstances. Here, the record supports that this case does not involve any unusual circumstances to justify the imposition of costs and fees pursuant to § 1447(c). Rather, MARQUETTE's removal of this matter was objectively reasonable, and not for the purpose of prolonging litigation or increasing the Plaintiff's costs in prosecuting her case. For the reasons stated herein, sanctions against MARQUETTE are not appropriate in this matter.

### III. <u>CONCLUSION</u>

WHEREFORE, the Defendant, MARQUETTE MANOR BAPTIST CHURCH, requests that this Honorable Court decline to impose sanctions and/or costs and fees

13

upon the Defendant, MARQUETTE MANOR BAPTIST CHURCH, pursuant to Rule

11(c) and/or 28 U.S.C. § 1447(c), for the reasons stated herein.

Respectfully submitted:

By: s/ Joseph G. Skryd_____
Joseph G. Skryd, One of the Attorneys
for the Defendant, MARQUETTE MANOR BAPTIST
CHURCH

**MULHERIN, REHFELDT & VARCHETTO, P.C.**
211 South Wheaton Avenue, Suite 200
Wheaton, Illinois 60187
(630) 653-9300

## CERTIFICATE OF SERVICE

       I hereby certify that on August 12, 2008, I electronically filed the foregoing Response to Rule to Show Cause with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Marc J. Pearlman
Michael L. Brooks
David A. Argay
KERNS, FROST & PEARLMAN, LLC
70 W. Madison Street
Suite 5350
Chicago, Illinois

Jeffrey R. Anderson
JEFF ANDERSON AND ASSOCIATES, P.A.
E-1000 First National Bank Building
332 Minnesota Street
St. Paul, Minnesota 55101

Daniel E. Radakovich
Law Office of Daniel E. Radakovich
900 West Jackson Boulevard
Suite 5-East
Chicago, Illinois

                    _/s Joseph G. Skryd _____