# United States District Court, Northern District of Illinois

H HW

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3003 | **DATE** | August 28, 2008 |
| **CASE TITLE** | Griffith v. Marquette Manor Baptist Church et al | | |

**DOCKET ENTRY TEXT:**

The Court discharges the Rule to Show Cause. Plaintiff's request for attorney's fees is denied.

■ [ For further details see text below.]   Docketing to mail notice.

## STATEMENT

Despite the fact that one of the Defendants in this case is a citizen of Illinois, Marquette Manor removed this case from the Circuit Court of Cook County contrary to the plain language in 28 U.S.C. § 1441(b). During a remand hearing, the Court and Plaintiff's counsel explained to counsel the language of § 1441(b) multiple times. Defendants' counsel, nonetheless, insisted upon briefing the matter. In their respective opposition to the Motion to Remand, neither counsel even mentioned the requirements of § 1441(b), which the Court read in open court, and instead presented immaterial arguments about the citizenship of the individual Defendant. The Court granted the Motion to Remand and directed counsel for Defendants to show cause why they should not be sanctioned pursuant to Fed. R. Civ. P. 11(c)(3). Although the Court noted that it was "hard-pressed to imagine a more wasteful use of judicial resources" than it spent ruling on the fully briefed motion to remand, neither counsel chose to address the Court's concerns.

Daniel Radakovich, counsel for the individual Defendant, chooses to finger point, suggesting that the mess was caused by counsel for the co-Defendant. Radakovich's finger-pointing is unbecoming at best. At the hearing, Radakovich represented that he would have filed a motion to remove had his co-counsel not beat him to it. Further, Radakovich listened to the same explanations of the statute as co-counsel and ignored them just the same. While Radakovich might not have increased Plaintiff's litigation costs, his actions certainly wasted the Court's resources. Even if Radakovich had been unfamiliar with § 1441(b) at the time of the hearing, the prudent course of action would have been to research the statute and file a brief noting that Plaintiff's interpretation of the statute was correct. Instead, he filed a brief arguing a point that was immaterial to the resolution of the motion and in which he ignored the Court's admonition to address the plain language of the removal statute. Radakovich compounds this error by casting all blame for his actions upon co-counsel rather

## STATEMENT

than simply admitting he was unfamiliar with the law and erred in submitting a brief that wasted the Court's time and resources.

Joseph Skryd, counsel for Marquette Manor Baptist Church, takes a different tack. Skryd implies that the Court misinterpreted his argument regarding the Motion to Remand. Skryd suggests that what he really meant to argue is that Marquette Manor believed it was improperly or fraudulently joined and thus its citizenship should not matter for purposes of determining jurisdiction. This argument is equally as frivolous as the one Skryd actually presented, regarding the individual Defendant's citizenship. Skryd suggests that Marquette Manor was improperly joined because the statute of limitations expired. But this is a defense that applies equally to Defendant Greene, and fraudulent joinder is not shown on the basis of a defense equally applicable to a co-defendant. *Brooks v. Merck & Co., Inc.*, 443 F. Supp. 2d 994 (S.D. Ill. 2006). Aside from the fact that the argument itself is frivolous, it is one that Skryd never broached. He claims it was "not set out as eloquently as it perhaps should have been," but, in fact, the argument was not set out at all. Skryd's response to the Motion to Remand does not even contain an oblique reference to fraudulent or improper joinder or to his client's citizenship, despite the fact that no less than four times the Court and Plaintiff's counsel called to his (actually his co-counsel Matthew Schreck, who appeared during the hearing) attention that his client's citizenship made removal improper. Skryd's brief never references § 1441(b). Like Radakovich who fails to own up to his error, Skryd compounds his error by concocting a phantom argument (and a frivolous one at that).

Radakovich's and Skryd's briefs do little to persuade the Court that they should not face monetary sanctions pursuant to Fed. R. Civ. P. 11(c)(3). Instead of admitting error, they dodge the issue and fail to address the Court's primary concern: that they presented arguments in a brief that they reasonably should have known to lack a basis in the law. Still, the Court is inclined to believe that their errors are more the product of inattentiveness than of intentional misrepresentation of the law. For that reason, the Court will discharge the Rule to Show Cause with the admonition and the hope that in the future it shall not require five attempts to explain a relatively straightforward rule of law. The Court also cautions both Radakovich and Skryd that their response to the Rule to Show cause did more harm than good and that finger-pointing and inventive excuses are far less compelling than honesty and simple apologies.

*Wm. J. Hibbler    8/28/08*